IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| WENDY JACOBSON-SIMON and<br>JASON SIMON , her husband<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | NO.<br><br>TRIAL BY JURY OF<br>TWELVE DEMANDED |

## COMPLAINT

1. Plaintiff, WENDY JACOBSON-SIMON, is an adult individual residing at 514 Southridge Circle, Yardley, Bucks County, Pennsylvania 19067.

2. Plaintiff, JASON SIMON, is an adult individual residing at 514 Southridge Circle, Yardley, Bucks County, Pennsylvania 19067 and is the husband of co-plaintiff, WENDY JACOBSON-SIMON

3. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") is a property-casualty mutual insurance company with headquarters located at One State Farm Plaza, Bloomington, Illinois 61710.

4. At all times relevant hereto, STATE FARM was acting through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment.

## Nature of the Case

5. Plaintiffs bring this underinsured motorist claim for monetary damages as a result of injuries sustained by plaintiff WENDY JACOBSON-SIMON arising out of a motor vehicle crash which occurred on January 22, 2024 in West Windsor, New Jersey.

## Jurisdiction and Venue

6. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

7. Venue is properly within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred within the United States District Court for the Eastern District of Pennsylvania

## Factual Background

8. Plaintiffs incorporate by reference paragraphs 1 through 7, supra, as fully as though the same were set forth herein at length.

9. On or about January 22, 2024 at approximately 11:35 a.m., plaintiff, WENDY JACOBSON-SIMON, was operating a motor vehicle attempting to merge onto US Route 1 South in West Windsor, New Jersey.

10. At the time, date and place aforesaid, Ryan A. Wood, was a Philadelphia resident and was operating a motor vehicle behind plaintiff's vehicle also attempting to merge onto US Route 1 South in West Windsor, New Jersey.

11. At the date, time and place aforesaid, and at all times relevant hereto, Ryan A. Wood, rear ended plaintiff's stopped vehicle.

12. As a consequence of the motor vehicle collision (hereinafter "MVC"), plaintiff, WENDY JACOBSON-SIMON, sustained serious personal injuries, including chronic progressive low back pain and right shoulder pain; neck pain; cervicalgia; cervical strain and sprain; impingement of the right shoulder and chronic progressive exacerbation of lumbar spondylosis; right shoulder pain; right shoulder bursitis; right shoulder adhesive capsulitis; low back pain; lumbar strain and sprain; and other ills and injuries some of which may, and probably will be, permanent.

13. As a further consequence of the MVC, plaintiff WENDY JACOBSON-SIMON has undergone physical pain and suffering, mental pain and suffering, emotional upset, worry, anxiety, apprehension, frustration, humiliation, embarrassment, inconvenience, a general loss of pleasure and enjoyment of life, and a serious impairment of bodily function, and will continue to endure same for an indefinite period of time in the future to her great detriment and loss.

14. As a further consequence of the MVC, plaintiff WENDY JACOBSON-SIMON has been obliged to receive and undergo medical treatment and care (including injections to the right shoulder and lumbar spine) and to incur various medical expenses for the injuries she suffered, and she may be required to undergo future medical treatment and incur future medical expenses.

15. As a further consequence of the MVC, plaintiff WENDY JACOBSON-SIMON may have experienced a loss of earning capacity and may experience future loss work loss and/or an impairment of future earning capacity.

16. As a consequence of the MVC, plaintiff, WENDY JACOBSON-SIMON, asserted a third-party personal injury claim against Ryan A. Wood and this claim was resolved amicably when the insurance carrier, National General, agreed to pay $22,500.00 out of their $25,000.00 per person liability limits, with the with the knowledge and consent to settle of defendant STATE FARM.

17. As of the date of the MVC, the vehicle operated by plaintiff, WENDY JACOBSON-SIMON, was insured by STATE FARM, under policy number 352 7405-A26-38C which provided, inter alia, stacked underinsured motorist benefits of $100,000.00 per person and per accident x 4 vehicles for total UIM benefits of $400,000.00 (4 vehicles x $100,000.00) under policy number 352 7405-A26-38C.

18. Prior to finalizing a third-party settlement with National General, plaintiff notified STATE FARM of their intention to pursue a UIM claim, and by letter dated May 5, 2026, Cynthia Quinones of STATE FARM waived their subrogation rights and consented to settle the third-party claim against Ryan A. Wood and National General.

19. Thereafter, plaintiffs provided defendant with a comprehensive settlement package, supporting a value in excess of $150,000.00.

20. Thereafter, negotiations between plaintiff and defendant were brief and unsuccessful when STATE FARM made an initial settlement offer of $7,500.00 on August 6, 2026; and thereafter increased their settlement offer to $10,000.00 on September 28, 2026, thus resulting in the commencement of litigation by the filing of this Complaint.

**COUNT I**

**WENDY JACOBSON-SIMON vs. STATE FARM**

**Breach of Contract**

21. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 as fully as though the same were set forth herein at length.

22. Pursuant to the terms of the foregoing automobile insurance policy, defendant was obligated to provide underinsured motorist benefits to plaintiffs in accordance with the provisions of the MVFRL, 75 Pa. C.S. §1701, et seq.

23. By virtue of the foregoing automobile insurance policy provisions and the governing law, defendant owed a duty and contractual obligation to plaintiffs to pay for all damages that they are legally entitled to recover from the operator of an underinsured motorist vehicle as a result of the MVC.

24. Plaintiffs and defendant entered into an insurance contract whereby defendant promised to pay for all damages that plaintiffs are legally entitled to recover from the operator of an underinsured motorist vehicle as a result of the subject MVC.

25. The insurance contract between the parties includes an implied covenant of good faith and fair dealing. This covenant includes, but is not limited to duties to honestly, promptly and fairly investigate facts of coverage, evaluate damages, communicate and cooperate with the insured, and promptly pay all damages that plaintiffs are legally entitled to recover from the operator of an underinsured motorist vehicle as a result of the subject MVC.

26. For the foregoing reasons, defendant has violated their duty and contractual obligation to pay UIM benefits to plaintiffs, and as such, are in breach of contract and breach of their other obligations to plaintiffs.

WHEREFORE, plaintiffs, WENDY JACOBSON-SIMON and JASON SIMON, demand damages against defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in an amount in excess of $150,000.00, plus interest, costs and delay damages, if applicable.

**COUNT III**

**JASON SIMON vs. STATE FARM**

**Loss of Consortium**

27. Plaintiffs incorporate by reference paragraphs 1 through 26 supra, as fully as though the same were set forth herein at length.

28. As a further result of the negligence of defendant as aforesaid, plaintiff JASON SIMON has been, and will continue to be, deprived of the society, companionship, services and consortium of his wife, WENDY JACOBSON-SIMON, all to his great loss and detriment.

WHEREFORE, plaintiff JASON SIMON demands damages from defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in an amount in excess of $150,000.00, plus interest, costs and delay damages, if applicable.

CHRISTOPHER J. BRILL, ESQ.
Attorney for Plaintiffs
I.D. No. 2753
301 South State Street, Suite N105
Newtown, PA 18940
Phone: (215) 860-2500
Fax: (215) 860-6863
Email: chris@christopherjbrill.com